UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| **CATHLEEN M. STEVENSON,** <br> **Plaintiff** <br><br> vs. <br><br> **TARRANT COUNTY COLLEGE, SOUTH CAMPUS, a Campus Located Within the TARRANT COUNTY COLLEGE DISTRICT,** <br><br> **Defendant** | § § § § § § § § § § § § § § § <br><br> Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, CATHLEEN M. STEVENSON, files this Original Complaint, complaining of Defendant, TARRANT COUNTY COLLEGE, SOUTH CAMPUS, a Campus Located Within the TARRANT COUNTY COLLEGE DISTRICT, and in support thereof, would respectfully show the Court as follows:

### INTRODUCTION

1.   This action is brought by Claimant/Plaintiff CATHLEEN M. STEVENSON, a Caucasian female who is 50 years of age, and a resident of Texas, and who is further identified below, complaining of TARRANT COUNTY COLLEGE, SOUTH CAMPUS, a Campus Located Within the TARRANT COUNTY COLLEGE DISTRICT, also further identified below, under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and 42

U.S.C. § 1983 et. seq.   CATHLEEN M. STEVENSON ("STEVENSON") is an Academic Foundations Department Chair and Instructor of English for the Tarrant County College, South Campus, sometimes referred to as Tarrant County College District ("TCCD").

2.   All actions in this complaint which are described as the actions of a person or persons in the employ of TCCD were taken by such person or persons within the course and scope of that their employment and were within the authority of that person or persons as employees of TCCD.

3.   Defendant, Tarrant County College District violated Title VII by retaliating against its employee, Plaintiff/Complainant, Stevenson.

4.   On or about November 30, 2020, Plaintiff/Complainant, CATHLEEN M. STEVENSON, filed a Charge of Discrimination with the EEOC, Texas Workforce Commission Civil Rights Division (see Exhibit A, attached hereto and incorporated herein by reference) alleging, in part, race discrimination, color discrimination and retaliation, and subsequently received a Dismissal Notice of Rights (see Exhibit B, attached hereto and incorporated herein by reference).

## PARTIES AND IDENTIFICATION

5.   Plaintiff, Cathleen M. Stevenson, is an individual residing in Tarrant County, Texas, whose address is 2556 Pinnacle Point Dr., Grand Prairie, Texas 75054.

6.   Defendant, Tarrant County College District, is a Texas community college district organized and existing pursuant to the laws of the State of Texas for the purpose of operating a system of community colleges in and around Tarrant County, Texas. Also, TCCD is a "state actor" within the meaning of the United States Constitution and the actions complained of herein comprise "state action." and were taken under color of law.  TCCD may be served through its acting

Chancellor, Mr. Eugene Giovannini, Ed. D., at their administrative offices located at 1500 Houston St., Fort Worth, TX 76102.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of the action under 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1391.

8. The acts or omissions made the basis of this suit occurred in Tarrant County, Texas and in this judicial district, so venue is proper in this Court under 28 U.S.C. § 1391.

9. TCCD is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

10. All required conditions precedent required under Title VII (42 U.S.C. §2000e et seq.) have been exhausted and/or performed by STEVENSON prior to the filing of this complaint. Stevenson filed a charge of discrimination and retaliation on November 1, 2020 with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), within the time specified for which recovery is sought that is complained of herein (the earliest of which occurred on or about April 1, 2020).

## FACTUAL BACKGROUND

11. As a result of her being Caucasian or because she brought the circumstances and events described below to her supervisors' attention, STEVENSON was illegally harassed, subjected to a pattern of harassment and disparate treatment, and knowingly subjected to unjustified overloading of work and projects for which she was not compensated.

12. STEVENSON complains of retaliatory actions, as below described, through and including 2021, at which time the EEOC Charge was filed. The Equal Employment Opportunity

Commission ("EEOC") received a timely charge (EEOC Charge No. 450-2021-00876) filed by Plaintiff, CATHLEEN M. STEVENSON, on or about November 30, 2020. In her charge, STEVENSON alleged, *inter alia*, that she had been discriminated against and harassed based on her race and/or national origin (Anglo American) and color by her supervisors and coworkers and that she was retaliated against because she engaged in activities protected under Title VII. Pursuant to Section 706 of Title VII, the EEOC investigated the charge.

13. The EEOC attempted unsuccessfully to achieve, through conciliation, a voluntary resolution of the charge, and ultimately issued a Dismissal and Notice of Rights on or about January 7, 2021.

14. All conditions precedent to the filing of suit have been performed or have occurred.

15. Stevenson was hired by TCCD in an adjunct position on or about May 1, 2009 and full-time in her present position as Academic Foundations Department Chair and Instructor of English on or about January 10, 2011.

16. While employed full-time, Stevenson was directly supervised by the then acting President, Dr. Peter Jordan and the interim VPAA, Dr. Vickie Ansorge. Additionally, Stevenson reported to Dr. Shannon Ydoyaga, VP.

17. From at least April 1, 2020 to November 18, 2020, and continuing even after that date, Stevenson was discriminated against and harassed based on race/color and/or national origin by coworkers and supervisors. The discrimination and harassment was regular and routine, and often occurred several times a week.

18. An example of the discrimination, harassment and retaliation against STEVENSON

occurred when STEVENSON was required to complete an abnormally disproportionate amount of "dashboards" on a weekly basis when other Department Chairs were not being requested to complete these. Dr. Ansorge stated that this was a directive via the Vice President of Academic Affairs, Dr. Shannon Ydoyaga. STEVENSON later learned that this was, in fact, not a directive and no other Dept. Chairs were required to do what she had been required to do.

19. In an effort to protect herself, STEVENSON requested her personnel file from Human Resources. In doing so, she feared termination. When she was given the employee file it was not her own file, but another person's file. When STEVENSON informed the person who was responsible in the Records Department (who, at that time was Mr. Keith Whethstone) of the mistake, he caused her correct file to be sent to her. However, her file was devoid of any evaluations given STEVENSON since her date of hire.

20. Further, STEVENSON was denied, and continues to be denied, the ability to teach online courses via Connect even though she was certified and even though others (who are not certified) are allowed to teach via Connect.

21. STEVENSON has also been denied credentialing to teach EDUC classes even though other instructors were given these as paid overloads and STEVENSON was not.

22. On numerous occasions from April, 2020 to at least November, 2020, STEVENSON complained about race and/or national origin discrimination and harassment to several TCCD supervisors and persons in authority, including Dr. Peter Jordan, Dr. Vicki Ansorge, Dr. Raymond Pfang and Dr. Grove. Despite the repeated complaints by STEVENSON, TCCD supervisors and persons in authority failed to sufficiently investigate the allegations and failed to take prompt and

appropriate remedial action to prevent or correct further discrimination, harassment and retaliation.

23. STEVENSON suffered emotional distress as a result of the ongoing discrimination, harassment and retaliation which she endured while employed by TCCD.

24. STEVENSON was discriminated against and harassed based on race and/or national origin by supervisors and coworkers.

25. The discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected STEVENSON, were viewed as subjectively hostile and abusive by STEVENSON, and would be viewed as objectively hostile and abusive to a reasonable person.

26. STEVENSON complained numerous times to TCCD supervisors and persons in charge about the discrimination and harassment, and TCCD had actual or constructive knowledge of the ongoing discrimination and harassment.

27. STEVENSON engaged in protected activity when she complained about discrimination and harassment based on race and/or national origin.

28. These actions by TCCD constitute discrimination against STEVENSON on the basis of race and/or national origin in violation of Title VII, 42 U.S.C. §2000e-2(a).

29. In retaliation of STEVENSON's complaints, and as an example, STEVENSON was removed from her classroom. STEVENSON was told to use a "room across the hall." Regrettably this room was a broom closet, a hazardous materials closet and a welding classroom, while the originally assigned room was given to an educator of a different color and/or race. This action was in direct response and retaliation for her inquiries into disparate treatment towards her.

30. Additionally, STEVENSON was requested (by VP-Ydoyaga) to place a friend of VP-Ydoyaga's in a classroom without a background check or vetting so that she could receive her TEFL Practicum hours. STEVENSON believed she was being set up for immediate dismissal to disguise what was going on at the college and to protect those who were participating in this behavior.

31. In addition, as retaliation from unlawful acts, TCCD took action so that STEVENSON's classes did not go global for students to enroll, caused courses to become "unlinked" and reassigned to other Faculty and personal courses that "disappeared". It was believed that these actions were untraceable at the time but have since become traceable.

32. There was a causal connection between STEVENSON's complaints and the materially adverse actions taken against STEVENSON by TCCD.

33. The retaliation endured by STEVENSON would dissuade a reasonable employee from making complaints of discrimination and harassment.

34. An additional example of the discriminatory actions directed towards STEVENSON by TCCD, include the failure of TCCD to properly compensate STEVENSON. As stated above, STEVENSON was employed as the Academic Foundations Department Chair. She should have been given additional personnel to assist her. She was not. Nevertheless, and without these additional personnel, she was required to perform the work of the additional personnel. In this circumstance, her compensation should have been significantly increased because she assumed and met the duties of the additional personnel. The additional personnel which should have been hired to assists STEVENSON, and their probable salaries, includes a Coordinator of Special projects (salary approximately $65,000/year), an Academic Foundations Department Administrative Assistant

(salary approximately $26,000/year) an Administrative Assistant to the Coordinator of Special Projects (salary approximately $26,000/year). STEVENSON was denied compensation for the additional duties she was required to perform because TCCD did not employ, for her, these persons. TCCD did employ these persons for these position for other persons in the same or similar position as Stevenson but of a different race or sex than STEVENSON.

## CAUSES OF ACTION

### Title VII Violations
### Count I
### Title VII, 42 U.S.C. § 2000(e)2
### Hostile Work Environment Based on
### Race and/or National Origin Against Stevenson

35. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 11-34, above.

36. By its actions, Defendant violated the provisions of Title VII, 42 U.S.C. § 2000(e)-2 and should therefore be held responsible to STEVENSON for all damages provided in law.

### Count II

### Title VII, 42 U.S.C. § 2000e3(a)
### Hostile Work Environment Based on
### Retaliation Against Stevenson

37. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 11 - 36, above.

38. TCCD retaliated against Stevenson for engaging in protected activity in violation of 42 U.S.C. § 2000e-3(a).

## Count III
## Violations of Equal Pay Act
## 29 U.S.C. § 206

39. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 11 - 38, above.

40. By its actions, Defendant violated the provision of the Equal Pay Act, 20 U.S.C. § 206, and specifically § 206(d). Defendant should therefore be held responsible to STEVENSON for all damages provided in law.

## REQUEST FOR INJUNCTION

41. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 11-40, above.

42. Defendant's wrongful conduct was ongoing for a number of years. In addition, Defendant's conduct was a concerted action to deprive Plaintiff of her civil rights. Unless Defendant is enjoined from acting in this manner, they will continue to do so to the damage of Plaintiff and other employees. It is necessary, therefore, for the Court to enter an injunction prohibiting Defendant from their continued wrongful conduct.

## DAMAGES

43. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 11-42, above.

44. Plaintiff seeks all damages allowed by law, including:

(a) Plaintiff seeks an injunction, prohibiting Defendant from engaging in unlawful employment practices.

    (b)    Plaintiff seeks additional equitable relief as may be appropriate such as promotion, back pay, front pay, and court costs.

    (c)    Plaintiff seeks compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

    (d)    Plaintiff seeks reasonable attorney's fees and costs including reasonable expert fees.

    (e)    Plaintiff seeks pre and post judgment interest at the maximum rate allowed by law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

(a)    Enjoin Defendant TCCD from:

    (i)    subjecting employees to discrimination and harassment based on race and/or national origin; and

    (ii)    retaliating against employees who engage in activity protected under Title VII;

(b)    Order Defendant, TCCD, to develop and implement appropriate and effective measures designed to prevent discrimination, harassment, and retaliation, including but not limited to policies and training for employees and managers;

(c)    Order Defendant, TCCD, to develop appropriate and effective measures to receive complaints of discrimination, harassment, and retaliation as well as a process for investigating such

complaints;

(d)  Award compensatory damages to Stevenson to fully compensate her for her injuries caused by Defendant TCCD's discriminatory, harassing, and retaliatory conduct, pursuant to and within the statutory limitations of all applicable laws; and

(e)  Award such other and further relief as justice may require, together with Plaintiff's costs and attorney's fees in this action.

### JURY DEMAND

Plaintiff, CATHLEEN M. STEVENSON, hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

Respectfully submitted,
ZOLLIE C. STEAKLEY, P.L.L.C.
P.O. Box 287
101 E. Third Street
Sweetwater, TX 79556
Tel: 325-235-8700
Fax: 325-236-9694

By: *Zollie C. Steakley*
ZOLLIE C. STEAKLEY
SBN: 19091100
zollie@steakleylaw.com
Attorney for Plaintiff/Complainant,
Cathleen M. Stevenson

### PLAINTIFF DEMANDS TRIAL BY JURY

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>450-2021-00876 |
|---|---|---|

**TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**MS. CATHLEEN M STEVENSON** | Home Phone<br>**(682) 225-4533** | Year of Birth |
|---|---|---|

Street Address — City, State and ZIP Code
**2556 PINNACLE POINT DRIVE, GRAND PRAIRIE, TX 75054**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**TARRANT COUNTY COLLEGE** | No. Employees, Members<br>**15 - 100** | Phone No.<br>**(817) 515-8223** |
|---|---|---|

Street Address — City, State and ZIP Code
**5301 CAMPUS DRIVE, FT WORTH, TX 76119**

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address — City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)
[X] RACE  [X] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **04-01-2020**  Latest **11-18-2020**
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**PERSONAL HARM:**
**I was overloaded with work and not compensated equivalent as my black African American co-workers.**
**After I complained about the terms and conditions and different treatment, I was harassed.**

**RESPONDENT'S REASON FOR ADVERSE ACTION:**
**I was not provided a legitimate reason.**
**I was not provided a legitimate reason.**

**DISCRIMINATION STATEMENT:**
**I believe I was discriminated against based on my race, (Caucasian) Color (white), in violation of Title VII of the Civil Right Acts of 1964, and retaliated against in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Cathleen Stevenson on 11-30-2020 10:49 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

**EXHIBIT A**

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/2020)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Cathleen M. Stevenson**
**2556 Pinnacle Point Drive**
**Grand Prairie, TX 75054**

From: **Dallas District Office**
**207 S. Houston St.**
**3rd Floor**
**Dallas, TX 75202**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2021-00876 | Juan F. Munoz, Intake Supervisor | (972) 918-3607 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

for _[signature]_     1/7/2021

Enclosures(s)     Belinda F. McCallister, District Director     *(Date Issued)*

cc:
**Carol Bracken**
**Associate General Counsel**
**TARRANT COUNTY COLLEGE**
**1500 HOUSTON ST**
**Fort Worth, TX 76102**

**Lauren McDonald**
**Tarrant County College District**
**1500 HOUSTON ST**
**Fort Worth, TX 76102**



EXHIBIT B